

736

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. M. Lister, Chairman
Texas Prison Board
Second National Bank Building
Houston, Texas

Dear Sir:

Opinion No. 0-4766
Re: Does the Texas Prison System
have the right to lend or
lease a drag line or ditching
machine to do some work for
private individuals?

From your letter of recent date we quote the following:

"The Texas Prison System owns a drag line,
or ditching machine. We have recently spent
considerable money putting this machine in first-
class shape for our own use.

"A group of citizens in Houston County tele-
phoned me last night and wanted to either rent,
lease, or borrow this machine to do some work
for private individuals. I understood this work
has no connection whatever with the Prison Sys-
tem or any other department of the State. I
told these gentlemen that personally I was op-
posed to allowing the machine to be used for
work outside the Prison System; however, I would
like you to give me an opinion as to whether or not
we have the right to lend or lease this property
for the use set out above."

Article 6166g, Vernon's Annotated Civil Statutes,
provides for the management and control of all properties of
the Texas Prison System. Such article reads as follows:

"The Texas Prison Board, together with
the manager hereinafter provided for, shall

Honorable S. M. Lister, Page 2

be vested with the exclusive management and
control of the Prison System, and all proper-
ties belonging thereto, subject only to the
limitations of this Act, and shall be respon-
sible for the management of the affairs of
the Prison System and for the proper care,
treatment, feeding, clothing and amanagement
of the prisoners confined therein."

Article 6166o, Vernon's Annotated Civil Statutes,
reads as follows:

"The Board shall have power to authorize
the manager to sell and dispose of all prod-
ucts of all farms and industries connected
with the prison system and all personal and
moveable property, at such prices and on such
terms and render such rules as it may deem
best and adopt; and it may lease any real
estate for agricultural or grazing purposes
or lease other fixed property and appurtenances
belonging thereto upon such terms as it may
deem advantageous to the interests of the
prison system." (Emphasis ours)

In 38 Words and Phrases (Perm. Ed.) 572-573, under
the phrase "sell and dispose of", it is said:

"A power to 'sell and dispose of' proper-
ty is merely a power to sell, but a power to
'dispose of', without any other qualification,
extends to a disposal by exchange as well as
sale, including that by partition, which is a
species of exchange."

This definition is shown to have the approval of
several jurisdictions, although no Texas case is cited.  See
Rutledge v. Crampton, 150 Ala. 275, 43 So. 622; In re Carr,
16 R. I. 645, 19 A. 145; Lindsey v. Robinson, 180 Ga. 648,
180 S. E. 106; Phelps v. Harris, 101 U. S. 370, 25 L. Ed.
855.

It is our opinion that prison property cannot be
legally loaned or leased for a private enterprise.  The power
delegated to the Prison Board by the terms of Article 6166o,

supra, to "sell and dispose of" the personal and movable property of the prison system does not carry with it either an expressed or implied delegation to lend or lease such property for private purposes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

BW:OO

APPROVED AUG 29, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN